## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS,
## MARSHALL DIVISION

| | | |
|---|---|---|
| APPLICA CONSUMER PRODUCTS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| LUCKY LITTER LLC, | § | JURY TRIAL REQUESTED |
| | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff, Applica Consumer Products, Inc. ("Applica"), hereby demands a jury trial and seeks a declaration that it does not infringe United States Patent No. 7,762,213 ("'213 Patent"), and that the '213 Patent is invalid.  A copy of the '213 Patent is attached hereto as Exhibit 1.

## PARTIES

1.      Plaintiff Applica is a Florida corporation having a principal place of business at 3633 Flamingo Road, Miramar, Florida 33027.   Applica markets and distributes household products, including products under licensed brand names BLACK & DECKER® and company-owned brand names like LITTERMAID® and ScoopMaid.

2.      Upon information and belief, Lucky Litter is a limited liability company formed in the state of Illinois and having its principal place of business located at 2 N. Riverside Plaza, Suite 1433, Chicago, Illinois, 60606.

## JURISDICTION AND VENUE

3.      This complaint arises under the patent laws of the United States, Title 35 of the United States Code, and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.  This

5819364

Court has original jurisdiction over the subject matter of these claims under 28 U.S.C. §§ 1331 & 1338(a).

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(a), (b), and (c).

5.     Upon information and belief, Lucky Litter has ongoing and systematic contacts within the State of Texas and within this district.  Lucky Litter, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and/or advertises its products in the United States, the State of Texas, and the Eastern District of Texas.

6.     Upon information and belief, Lucky Litter has purposefully availed itself of the privilege of conducting activities within the Eastern District of Texas.  The exercise of jurisdiction over Lucky Litter comports with traditional notions of fair play and substantial justice.

## BACKGROUND

7.     In March 2007, Applica filed a complaint in this district alleging, *inter alia*, that Lucky Litter infringed various of Applica's patent rights related to self-cleaning cat litter boxes. *See Applica Consumer Prods., Inc. v. Doskocil*, No. 2:07-cv-073 (E.D. Tex.) (complaint filed Mar. 8, 2007) [hereinafter "Infringement Suit"].  Magistrate Judge Charles Everingham is presiding over the Infringement Suit.

8.     Applica subsequently filed a Section 337 complaint with the U.S. International Trade Commission ("Commission"), alleging, *inter alia*, that Lucky Litter had violated 19 U.S.C. § 1337 by infringing Applica's U.S. Patent Re. 36,847 related to self-cleaning litter boxes.  *See Certain Self-Cleaning Litter Boxes and Components Thereof*, 337-TA-625 (U.S Int'l Trade Comm'n) (complaint filed Nov. 26, 2007) [hereinafter "ITC Action"].

9.      After the Commission issued a Final Determination in the ITC Action, Applica and Lucky Litter appealed to the Court of Appeals for the Federal Circuit.  *See Applica Consumer Prods., Inc. v. U.S. Int'l Trade Comm'n*, No. 2009-1292, -1470, -1474 (Fed. Cir.) ("Appeal").

10.      On November 11, 2009, Applica and Lucky Litter entered into a "STAY AND STANDSTILL AGREEMENT" in which they agreed, *inter alia*, to stay the Infringement Suit and to refrain from filing any new lawsuits in federal or state court until the conclusion of the Appeal.  A copy of the STAY AND STANDSTILL AGREEMENT is attached hereto as Exhibit 2

11.      Pursuant to the STAY AND STANDSTILL AGREEMENT, Applica and Lucky Litter filed an Agreed Motion to Stay the Infringement Suit.  *See Applica Consumer Prods., Inc. v. Doskocil*, No. 2:07-cv-073 (E.D. Tex. Nov. 11, 2009) (Dkt. 161), and on November 13, 2009, Judge Everingham stayed the Infringement Suit in its entirety.  *See id.* (Dkt. 163).

12.      On October 6, 2010, the Federal Circuit issued a non-precedential decision in the Appeal, finding against Applica.

13.      Under Federal Rules, Applica has the right to appeal the Federal Circuit's decision to the United States Supreme Court.  That right extends for 90 days after the date of the decision, which is January 4, 2011.

14.      Applica, however, has decided to waive irrevocably and does hereby waive irrevocably its right to appeal the Federal Circuit's decision to the Supreme Court.  Accordingly, the Federal Circuit's decision is now final and the appeal is concluded because Applica has decided not to file an appeal on or before January 4, 2011.  *See In re Princo*, 478 F.3d 1345, 1354 (Fed. Cir. 2007) (determination is final when it can no longer be appealed).

5819364

15.     Because the Appeal is now legally concluded, Applica is no longer obligated to refrain from filing this lawsuit against Lucky Litter.  *See* Exhibit 2 ¶¶ 1 & 4 (Applica agreeing not to file a new lawsuit during the Standstill Period, which ends at "the conclusion of the Appeal").

16.     The Court in the Infringement Action will likely lift the stay so that the litigation may proceed with respect to those issues that were not decided in the Appeal.

## CURRENT CONTROVERSY BETWEEN APPLICA AND LUCKY LITTER

17.     The '213 Patent issued on July 27, 2010.  The face of the '213 Patent lists Lucky Litter as the assignee.

18.     The '213 Patent purports to claim various features related to self-cleaning litter boxes.

19.     On August 23, 2010, counsel for Lucky Litter sent a cease and desist letter to Applica ("C&D Letter").  A copy of the C&D Letter is attached hereto as Exhibit 3.

20.     In the C&D Letter, Lucky Litter accused Applica of infringing the '213 Patent through the sale of various products, including Applica's ScoopMaid litter trays and ScoopMaid litter boxes.

21.     In the C&D Letter, Lucky Litter demanded that Applica "immediately cease and desist from making, using, selling, offering to sell, or importing these Applica ScoopMaid trays, or any ScoopMaid litterboxes designed to work with such trays, within the United States."

22.     In response to receiving the C&D Letter, Applica reminded Lucky Litter that the STAY AND STANDSTILL AGREEMENT prohibits Lucky Litter from filing any new lawsuit, including a patent infringement lawsuit based on the '213 Patent, until the Appeal has concluded.

23.     Upon information and belief, Lucky Litter has contacted Applica's customers, including retailers who sell Applica's ScoopMaid litter trays and litter boxes, and told these customers that Applica's ScoopMaid litter trays and litter boxes infringe the '213 Patent.

24.     As a result of Lucky Litter's allegations of patent infringement (in the C&D Letter, and in Lucky Litter's contacts with customers for the ScoopMaid litter trays and ScoopMaid litter boxes), there exists a substantial controversy between parties having adverse legal interests that is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.   Accordingly, an actual controversy between Lucky Litter and Applica exists as to non-infringement and invalidity of the '213 Patent.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '213 PATENT

25.     Applica realleges the allegations in paragraphs 1–24 as though fully set forth herein.

26.     An actual and justiciable controversy has arisen and exists between Applica and Lucky Litter regarding the '213 Patent.

27.     Applica has not and does not directly or indirectly infringe any claim of the '213 Patent, either literally or under the doctrine of equivalents, by making, using, selling, offering to sell, marketing, licensing, or importing any ScoopMaid litter trays and litter boxes.

28.     Applica has not and does not induce its customers to infringe any claim of the '213 Patent by making, using, selling, offering to sell, marketing, licensing, or importing the ScoopMaid litter trays and litter boxes.

29.     Applica has not and does not engage in contributory infringement of any claim of the '213 Patent by making, using, selling, offering to sell, marketing, licensing, or importing the ScoopMaid litter trays and litter boxes.

5819364

30.     A judicial declaration of non-infringement of the '213 Patent is necessary and appropriate so that Applica can ascertain its rights, duties, and obligations with respect to Lucky Litter, the '213 Patent, and its conduct involving the ScoopMaid litter trays and litter boxes.

## COUNT II
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '213 PATENT

31.     Applica realleges the allegations in paragraphs 1–30 as though fully set forth herein.

32.     An actual and justiciable controversy has arisen regarding the invalidity of the '213 Patent.

33.     The claims of the '213 Patent are invalid because of a failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, including §§ 102, 103, and 112.

34.     One or more prior art references disclose or render obvious each of the claims of the '213 Patent.

35.     A judicial declaration that the claims of the '213 Patent are not valid is necessary and appropriate so that plaintiff Applica can ascertain its rights, duties, and obligations with respect to the '213 Patent.


WHEREFORE, Plaintiff Applica Consumer Products, Inc. requests judgment as follows:

A.     For a declaration that the claims of U.S. Patent No. 7,762,213 are invalid;

B.     For a declaration that neither Applica nor any of its products, processes, or technologies infringe (directly, indirectly, literally, and/or under the doctrine of equivalents) any claim of U.S. Patent No. 7,762,213;

C.    For a declaration that Applica does not engage in contributory infringement or induce infringement of any valid claim of U.S. Patent No. 7,762,213;

D.    For a determination that this case is exceptional under 35 U.S.C. § 285 and an award to Applica of its attorneys' fees, costs, and expenses in conjunction with this action; and

E.    Such other and further relief as this Court or a jury may deem proper and just.

## **JURY DEMAND**

Applica demands a trial by jury on all issues presented in this Complaint.

Respectfully submitted,

/s/ Elizabeth L. DeRieux
Bruce W. Slayden II (**Lead Attorney**)
Texas State Bar No. 18496695
bslayden@kslaw.com
Jeffrey D. Mills
Texas State Bar No. 24034203
jmills@kslaw.com
Brian C. Banner
Texas State Bar No. 24059416
bbanner@kslaw.com
KING & SPALDING LLP
401 Congress Avenue, Suite 3200
Austin, Texas  78701
tel 512.457.2000
fax 512.457.2100

S. Calvin Capshaw III (TX Bar No. 03783900)
ccapshaw@capshawlaw.com
Elizabeth L. DeRieux (TX Bar No. 05770585)
ederieux@capshawlaw.com
CAPSHAW DERIEUX, LLP
1127 Judson Road, Suite 220
Longview, TX  75601-5157
tel: 903.236.9800

5819364

fax: 903.236.8787

**ATTORNEYS FOR PLAINTIFF**
**APPLICA CONSUMER PRODUCTS, INC.**

5819364